IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 06-cv-01916-WYD

DANIEL PESENGULO LUCERO,

    Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant Daniel Pesengulo Lucero is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Lucero initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Colorado state conviction. On November 9, 2006, I ordered Respondents to file an answer to the habeas corpus application. On November 29, 2006, Mr. Lucero filed a document titled "Amended Facts, Summary of the Evidence at Trial, and Constitutional Errors Warranting Relief" in which he raises additional claims and requests appointment of counsel. On December 1, 2006, Respondents filed their answer to the habeas corpus application. Respondents' answer addresses the claims Mr. Lucero raises for the first time in the document filed on November 29. On February 14, 2007, Mr. Lucero filed a motion seeking leave to file a traverse and he tendered to the Court his traverse to Respondents' answer. On

February 21, 2007, Mr. Lucero filed an identical motion seeking leave to file a traverse and he tendered to the Court another copy of his traverse. The February 14 motion to file a traverse will be granted and the clerk of the Court will be directed to file the traverse received on that date. The February 21 motion will be denied as moot.

I must construe the application and other papers filed by Mr. Lucero liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the habeas corpus application will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Lucero was convicted following a jury trial in the Jefferson County District Court in 1999 of two counts of first degree burglary, one count of second degree assault, two counts of menacing, two counts of child abuse, one count of harassment, and two counts of crime of violence. He was sentenced to fifteen years in prison. The Colorado Court of Appeals affirmed the judgment of conviction. *See People v. Lucero*, No. 99CA2113 (Colo. Ct. App. Oct. 18, 2001) (not selected for publication). On March 11, 2002, the Colorado Supreme Court denied Mr. Lucero's petition for writ of certiorari on direct appeal.

Mr. Lucero also has filed two postconviction motions in the trial court challenging the validity of his conviction or sentence. On July 30, 2002, Mr. Lucero filed a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal

Procedure. The trial court denied that motion on August 9, 2002. On September 5, 2003, Mr. Lucero filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The trial court denied the Rule 35(c) motion on October 29, 2003. The Colorado Court of Appeals subsequently affirmed the denial of the Rule 35(c) motion. *See People v. Lucero*, No. 03CA2437 (Colo. Ct. App. Nov. 17, 2005) (not selected for publication). On March 13, 2006, the Colorado Supreme Court denied Mr. Lucero's petition for writ of certiorari in connection with the Rule 35(c) motion.

Mr. Lucero asserts ten claims for relief in the instant action. He claims that:

1. He was denied due process when the prosecution failed to disclose evidence of Bonnie Graham's verified complaint in support of a restraining order against Jason Hyatt alleging that he assaulted her and threatened her about Mr. Lucero's pending criminal case.

2. He was denied due process when the prosecution failed to disclose evidence that Jason Hyatt received victim's compensation benefits.

3. He was denied due process when the prosecution failed to disclose evidence that Jason Hyatt made prior inconsistent statements regarding how he received lacerations on his legs.

4. His constitutional rights were violated when he was precluded from cross-examining Bonnie Graham about his license and privilege to enter the apartment.

5. He was denied due process and his right to a trial by jury by application of a complicity theory of liability to the crime of violence counts.

6. He was denied his right to a trial by jury due to an erroneous jury instruction regarding self-defense.

7. He was denied the effective assistance of counsel.

8. His right to confrontation was violated by the trial court's refusal to allow cross-examination of Dalene Welch regarding the possible penalties she faced.

9. There was insufficient evidence to support his conviction for second-degree assault and the related crime of violence count.

10. His right to a fair trial was violated by the prosecutor's improper comments during voir dire and closing arguments.

## II.  TIMELINESS OF THE APPLICATION

Respondents contend in their answer that the application is barred by the one-year limitation period in 28 U.S.C. § 2244(d)(2).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

I first must determine the date on which the one-year limitation period began to run. As noted above, the Colorado Supreme Court denied Mr. Lucero's petition for writ of certiorari on direct appeal on March 11, 2002. Mr. Lucero then had ninety days to seek review in the United States Supreme Court, *see* Sup. Ct. R. 13, although he does not allege that he did so. Therefore, for the purposes of the one-year limitation period, his conviction and sentence became final on June 10, 2002[1], when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Mr. Lucero does not allege that unconstitutional state action prevented him from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims at the time he was convicted. Therefore, I find that the one-year limitation period began to run on June 10, 2002.

The next question to be resolved is whether the one-year limitation period was tolled for any period of time after June 10, 2002. The parties agree that Mr. Lucero filed his postconviction Rule 35(b) motion on July 30, 2002, that the trial court denied

---

[1]Respondents assert that Mr. Lucero's conviction became final on June 9, 2002. However, June 9, 2002, was a Sunday. Therefore, the time for filing a petition for writ of certiorari extended one additional day until June 10, 2002. *See* Sup. Ct. R. 30.

the Rule 35(b) motion on August 9, 2002, and that Mr. Lucero did not file an appeal from the denial of the Rule 35(b) motion. Assuming Mr. Lucero could have appealed from the denial of his Rule 35(b) motion, the Rule 35(b) motion was pending until the time for filing a notice of appeal expired. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). Under Rule 4 of the Colorado Rules of Appellate Procedure, Mr. Lucero had forty-five days to file a notice of appeal, or until September 23, 2002. Therefore, pursuant to § 2244(d)(2), I find that the one-year limitation period was tolled from July 30, 2002, through September 23, 2002, while the Rule 35(b) motion was pending in state court.

As noted above, Mr. Lucero also filed a postconviction Rule 35(c) motion in state court on September 5, 2003. The proceedings relevant to the Rule 35(c) motion were pending in state court until March 13, 2006. If the one-year limitation period did not expire before the Rule 35(c) motion was filed, the time during which the Rule 35(c) motion was pending in state court also tolled the one-year limitation period as provided in § 2244(d)(2).

Based on these dates, I find that the 49 days between June 10, 2002, when the one-year limitation period began to run, and July 30, 2002, when the Rule 35(b) motion was filed, count against the one-year limitation period. In addition, the 346 days between September 23, 2002, when the proceedings relevant to the Rule 35(b) motion concluded, and September 5, 2003, when the Rule 35(c) motion was filed, also count against the one-year limitation period. Finally, the 195 days between March 13, 2006, when the proceedings relevant to the Rule 35(c) motion concluded, and September 25,

2006, when the instant action was filed,[2] also count against the one-year limitation period. Therefore, because a total of 590 days count against the one-year limitation period, I find that the instant action is barred in the absence of some other reason to toll the one-year limitation period. Furthermore, because 395 days of the 590-day total preceded the filing of the Rule 35(c) motion, the one-year limitation period expired before the Rule 35(c) motion was filed in the absence of some other reason to toll the one-year limitation period for the time prior to the filing of the Rule 35(c) motion.

Mr. Lucero argues in his traverse that the instant action should not be dismissed as time-barred because the one-year limitation period should be tolled for equitable reasons. More specifically, he contends that he detrimentally relied on court documents that erroneously stated his Rule 35(b) motion was not denied by the trial court until September 11, 2003, rather than the correct date of August 9, 2002. The erroneous court documents to which Mr. Lucero refers are state court briefs filed by the attorney who represented Mr. Lucero in connection with his Rule 35(c) motion. Mr. Lucero also points to the trial court's October 29, 2003, order denying his Rule 35(c) motion, in which the trial court misidentified the date on which the mandate issued in connection with his direct appeal.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances

---

[2]The Court received the application for filing on September 26, 2006, but the application was mailed to the Court on September 25, 2006. Pursuant to the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), I will deem the instant action filed on September 25, 2006

7

beyond a prisoner's control make it impossible to file the habeas corpus application on time.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  However, simple excusable neglect is not sufficient to support equitable tolling.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently.  *See Miller*, 141 F.3d at 978.  Finally, Mr. Lucero bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.*

      Mr. Lucero fails to demonstrate the existence of any circumstances beyond his control that made it impossible to file a timely habeas corpus application.  As discussed above, the one-year limitation period expired before Mr. Lucero filed his postconviction Rule 35(c) motion.  Therefore, the alleged errors made by counsel and the trial court in briefs and an order filed in connection with the Rule 35(c) proceedings cannot support a finding that the one-year limitation period should be tolled for any of the time that preceded the filing of the Rule 35(c) motion.  In other words, whatever reliance Mr. Lucero may have placed on the erroneous dates listed in documents filed in the Rule 35(c) proceedings could not have affected his ability to file a timely habeas corpus application because the one-year limitation period had expired before he relied on the erroneous dates.  As a result, I find that equitable tolling is not appropriate in this action and that the habeas corpus application must be denied for that reason.  Accordingly, it is

      ORDERED that the "Motion for Leave to File a Traverse, Pursuant to Rule 5 of the Rules Governing § 2254 Cases" filed on February 14, 2007, is GRANTED and the

clerk of the Court is directed to file the traverse tendered to the Court on February 14, 2007.  It is

FURTHER ORDERED that the "Motion for Leave to File a Traverse, Pursuant to Rule 5 of the Rules Governing § 2254 Cases" filed on February 21, 2007, is DENIED as moot.  It is

FURTHER ORDERED that the habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that any pending motions are denied as moot.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  September 28, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge